## Case No. 8,779.

McELHENNY v. FIRST NAT. BANK OF ASHLAND.

[7 Wkly. Notes Cas. 115.]

Circuit Court, E. D. Pennsylvania. April 26, 1879.

EQUITY—PRACTICE—COSTS OF MASTER—BY WHOM PAID—JURISDICTION — CONFLICT — JUDICIARY—EXECUTION — PAYMENT BEFORE RELIEF GRANTED.

1. The United States circuit court, having appointed a master to investigate the affairs of a national bank, defendant in a creditor's bill in equity filed for discovery and other appropriate relief, upon allegations of fraud by the officers of the corporation. has jurisdiction of the suit after the subsequent appointment of a receiver by the comptroller of the United States government.

2. Master's costs ordered in such a case to be paid by the receiver of the bank, his services having been beneficial to the corporation.

Rule to show cause why the costs of the master should not be paid by the defendants. The facts were these: On the 15th of January, 1878, the complainants filed a bill in equity on behalf of themselves, as well as of other creditors who should come in, against the First National Bank of Ashland, Robert Gorrell and William Torrey, and the directors of the bank, alleging that they were holders of stock in the bank defendant of which Gorrell was president, and Torrey the cashier; that the defendants Gorrell and Torrey had grossly mismanaged the affairs of the bank, had fraudulently appropriated certain of its assets to their own private uses, and were still directing its affairs in an improper and fraudulent manner; that in July, 1877, the bank had gone into voluntary liquidation. and had closed its affairs with the comptroller of the currency, by depositing legal tender notes to the extent of its outstanding circulation and withdrawing the government bonds given to secure the same. The bill also alleged that the bank was still indebted to its depositors alone in about $30,000, and prayed discovery, a receiver, an account, and an injunction restraining the defendants, Torrey and Gorrell, from interfering with, or in any way disposing of the assets. Answers were filed by the defendants, and on a motion for the appointment of a receiver the court (Cadwalader, J.) appointed John P. Hobart, Esq., as master, to investigate the affairs of the bank, and report its condition to the court; to ascertain what, if any, material errors or omissions had occurred in the report of the examiner, already

appointed by the comptroller of the currency, and for this purpose directed that he should have access to the books and papers of the bank. Subsequently to the appointment of this special master, a receiver of the bank was appointed by the comptroller of the currency, whereupon he was made by amendment a party defendant to the bill. A lengthy report of the condition of the bank was subsequently filed by the master, and his charges in the matter, including the expenses of an expert accountant employed by him, amounted to several hundred dollars. The bill was still pending, and no relief other than the discovery mentioned had been decreed. A rule was first taken by him upon the plaintiffs to show cause why they should not at that stage of the case, pay his costs. This rule was discharged upon depositions showing the poverty of the plaintiffs, that the master's services had been beneficial to all the stockholders, and that in consequence of the investigation set on foot by this bill, there had been a thorough overhauling of the affairs of the bank by the receiver, appointed by the United States comptroller, which had resulted in the recovery of large sums of money by the receiver. Thereupon the master took this rule upon the defendants to show cause why these costs should not be paid out of the assets of the bank in the hands of the receiver.

A. Sydney Biddle and Hughes & Farquhar, for the rule.

It will be argued that this court has no jurisdiction since the appointment by the comptroller of a receiver, and that the payment of these costs is on that account beyond the control of this court. No objection is made to the amount, but it is said that, as the case is substantially at an end, the plaintiffs are to pay the costs. We admit that no further proceedings are likely, as, though the bill is still pending, the relief sought for is being administered by the receiver, who is, in a proper way, winding up the bank's affairs. But the services were beneficial to him, and the relief we wanted. i. e. discovery, was decreed us. The plaintiffs do not care to take the bank's affairs out of the hands of the present receiver, though the court could doubtless. in its discretion, do so, having obtained jurisdiction of the bank's affairs, through this bill, before that of the government accrued by the appointment of its receiver, which was subsequent to the filing of the bill. See as to this: Bank of Bethel v. Pahquioque Bank, 14 Wall. [81 U. S.] 383; Case v. Terrell, 11 Wall. [78 U. S.] 203; Kennedy v. Gibson, 8 Wall. [75 U. S.] 505.

THE COURT now called upon George R. Kaercher and Charles M. Swain, contra.

These costs should be paid by the complainant, as it was upon their application that the master was appointed, and he discovered nothing more than what the examiner previously appointed by the comptroller of the currency had already reported. If any of the defendants are to be charged with the costs it should be Torrey and Gorrell. whose acts in the matter made the investigation necessary. The comptroller of the currency has sole jurisdiction of the matter, and when a receiver had been appointed by him, the jurisdiction of the court ceased.

McKENNAN, Circuit Judge. Do you admit the propriety of the amount of the charge?

Yes, but we are not bound to pay it.

BUTLER, District Judge. Were not these services beneficial to the operation in enabling the receiver to get in the assets with greater ease? Did not the bank directly benefit by them?

We admit that. But this court has no jurisdiction. The compensation is wholly within the receiver's discretion, since his appointment by the executive of the government.

Eo die. Rule absolute.